## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BENNETTA MCKENZIE, | ) |
| Plaintiff, | ) Case No. 23-cv-15210 |
| v. | ) |
| AMAZON.COM SERVICES, LLC, | ) |
| Defendant. | ) JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, BENNETTA MCKENZIE, by and through her counsel, Antonio L. Jeffrey of Jeffrey & Erwin, LLP, and complains of Defendant AMAZON.COM SERVICES, LLC, and states as follows:

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## JURISDICTION & VENUE

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. seq. and 28 U.S.C. § 1331.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired and terminated by Defendant, AMAZON.COM SERVICES, LLC, in this District.

## PARTIES

3. Plaintiff, BENNETTA MCKENZIE, is and was at all times relevant to this Complaint an adult female resident of DuPage County and the City of Naperville, Illinois. At all

1

times relevant, Plaintiff was employed by Defendant AMAZON.COM SERVICES, LLC, in the capacity of Warehouse Associate. Plaintiff was harmed by Defendant in this District.

4. Defendant AMAZON.COM SERVICES, LLC (hereinafter "Amazon") is a limited liability company duly organized and doing business in the State of Illinois, with a Fulfillment Center located at 2865 Duke Parkway, Aurora, IL 60502. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant harmed Plaintiff in DuPage County, Aurora, Illinois.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On July 20, 2023, Plaintiff timely filed a Charge of Discrimination alleging race discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No. 440-2023-07361.

6. On July 24, 2023, the EEOC issued to Plaintiff a Notice of Right to Sue to bring her Title VII claims.

7. Therefore, Plaintiff's Complaint is filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## UNDERLYING FACTS COMMON TO ALL COUNTS

8. Plaintiff's race is African-American. Defendant Amazon was apprised of Plaintiff's race.

9. On or about January 27, 2022, Plaintiff was hired by Amazon as a Warehouse Associate. Plaintiff worked at Amazon's Fulfillment Center located at 2865 Duke Parkway, Aurora, IL 60502.

10. Immediately, she noticed the disparate treatment she received in comparison to her White co-workers.

11. On March 1, 2023, Plaintiff had a one-hour, in-person, meeting with Lead HR Manager ("Jeremy") in his office and told him that she felt as though she was being racially discriminated against by her then Manager, Joe P., and supervisor (also called Process Administrator or PA) Libney, and that she wished to file an internal Racial Discrimination report. HR Manager "Jeremy" then advised Plaintiff to file such report via Amazon's internal electronic intranet system, which Plaintiff did later that same day using an internal Amazon computer.

12. Plaintiff's submitted Racial Discrimination report to H.R. on March 1, 2023, included but was not limited to the following discriminatory situations:

    a. Plaintiff was forced to physically process higher volumes of manual labor than white coworkers; and unlike her white coworkers, forced Plaintiff to work alone lifting 10-50lb boxes all day for 10 hours straight. Plaintiff was not even afforded an opportunity to take restroom breaks without finding someone to relieve her; and

    b. Plaintiff's supervisor, Libney, ordered Plaintiff to scan and throw boxes on a flowing conveyor alone with significant heavy volume (which was not required of White employees). When Libney was asked to get help for Plaintiff, the request was ignored.

13. In addition to the above electronic report filed, Plaintiff verbally reported her concerns about her obvious racial discrimination claims to both her Supervisor, Libney, and Manager, "Joe."

14. Then, interestingly, shortly thereafter, in retaliation for making complaints of discrimination, Plaintiff was placed on a three-day suspension and given a "final" written warning, although Plaintiff had not received any previous warnings.

15. Upon returning to work from the three-day suspension, and on June 19, 2023, Plaintiff had a meeting with HR Representative, Munya Mangwende and Operations Manager, Joe Wills regarding her complaints, and Joe Wills read Plaintiff the "Final Written Warning" she was being placed on and neither, Mangwende or Wills, were able to answer Plaintiff's question of what specific policy she had violated. The warning was partially read to Plaintiff and a physical copy was not given to her to review.

16. Plaintiff also appealed the "final written warning" and an appeal hearing was had on July 5, 2023, at which time she advised the Senior Site Leader that she was being targeted and retaliated against through the use of false HR investigations and other discriminatory acts since she filed reports of discrimination on March 1, 2023. At that time, he gave Plaintiff the falsified Final Written Warning to review.

17. Seeing that the discrimination and retaliation would continue, Plaintiff filed a Charge of Discrimination with the EEOC on July 20, 2023 (EEOC No. 440-2023-07361).

18. Then, on September 2, 2023, Plaintiff filed a Racial Discrimination & Retaliation report with Amazon's third-party Ethics Hotline tool "EthicsPoint." However, Plaintiff opted to complete her report via its online method instead of by phone. In her report, Plaintiff reiterated her ongoing harassment and retaliation that all followed her initial 3/1/2023 racial discrimination claim she filed with Amazon's HR Department.

19. On or about September 11, 2023, in further discrimination and retaliation, Plaintiff was called on phone by Amazon HR Representative, Ashley Kreshoff, and notified that she was being terminated effective immediately based on completion of an HR Investigation by HR Investigator, Mike Donohue. Ms. Kreshoff claimed that Mike Donohue had concluded an investigation and found that Plaintiff had used vulgar language towards other employees, which

she stated was against Amazon's behavior policy. This was completely shocking to Plaintiff, as she had never used such language against any Amazon employee, nor was she given an opportunity to refute the alleged claims made against her. Plaintiff simply inquired of her manager, why she, as a Black employee, was being treated different that her White counterparts, which was never addressed by management.

20. On that same day, Plaintiff sent an email to HR Representative Kreshoff, advising that such termination was based solely on Amazon's continued retaliation for reporting racial discrimination and retaliation; and that despite the multiple reports of discrimination and retaliation, Amazon had failed to properly investigate and act on the same.

21. Further, although Plaintiff was verbally notified of her immediate termination on September 11, 2023, her subsequent termination letter she received notes September 12th as the date of termination.[1]

22. Because of her Race, African American, Plaintiff was subjected to disparate treatment and discriminatory acts, with malice and with reckless indifference, by Defendant Amazon.

23. And in retaliation for exercising a protected right and filing internal complaints and an EEOC charge of discrimination against Defendant Amazon, Plaintiff was subjected to discriminatory and retaliatory acts, with malice and with reckless indifference, by Defendant Amazon.

---

[1] Plaintiff will be filing an EEOC Charge of Discrimination regarding her recent termination, as she contends the same was also discriminatory and retaliatory, in violation of Title VII. Plaintiff will then seek leave to add that claim to this matter, as it is directly related to the facts and parties in this complaint.

## COUNT I — RACE DISCRIMINATION
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq.</u>

24. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

25. Plaintiff, as an African-American, is a member of a protected class.

26. Plaintiff was an employee of Defendant AMAZON as a Warehouse Associate from January 27, 2022 to September 12, 2023, when she was wrongfully terminated. During that time, Plaintiff was qualified to perform her job and satisfactorily performed her duties and responsibilities within Defendant Amazon's legitimate expectations.

27. Defendant discriminated against Plaintiff because of her race, African-American, by refusing to accommodate her desire of a safe and free non-discriminatory work place and would not have done so had Plaintiff not been African-American and everything else having been the same.

28. Other non-African-American, or White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant Amazon accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

29. Plaintiff's race was a substantial and motivating factor in Defendant Amazon's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

30. Defendant Amazon's discrimination constitutes unlawful discrimination in direct violation of the Title VII.

WHEREFORE, Plaintiff, BENNETTA MCKENZIE, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Declare, decree, and adjudge that the Defendant violated Title VII;

B. Grant an injunction against the Defendant from violating Title VII and to protect other African-American employees from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost, and reinstating her to the position she previously held;

D. Order the Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT II – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq.**

31. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

32. It is unlawful and a civil rights violation for an employer to retaliate against an employee because the employee has opposed that which they reasonably and in good faith believes to be unlawful discrimination, for reporting discrimination, opposing an employer's discriminatory practices or because the employee has made a charge, filed a complaint or participated in an investigation or legal action related to discrimination under Title VII.

33. Plaintiff had engaged in a protected activity under Title VII after having reported and opposed the discriminatory practices of Defendant Amazon.

34. Plaintiff sought to protect herself against the unlawful discrimination based upon having previously opposed and reported the unlawful treatment and requesting a reasonable and safe workplace and environment.

35. Defendant's decision to discriminate against Plaintiff was motivated by an intent to retaliate against her because she had reported and complained the aforesaid complaints and unlawful treatment and because of her protected class and conduct.

36. Defendant would not have discriminated against Plaintiff had she not previously engaged in protected activity and everything else being the same.

37. Other Defendant employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against based upon engaging in the same protected activities. This unlawful discrimination and treatment of Plaintiff directly impacted her terms and conditions of employment with Defendant.

38. As a direct and proximate result of Defendant's violations on the basis of retaliation, a result of the unlawful and willful acts complained of herein, Plaintiff has suffered economic and non-economic damages.

39. Defendant Amazon's discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, BENNETTA MCKENZIE, respectfully requests that this Court enter judgment in her favor and against the Defendant as follows:

A. Declare, decree, and adjudge that the Defendant violated Title VII;

B. Grant an injunction against the Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost, and reinstating her to the position she previously held;

D. Order the Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

Dated: October 22, 2023

/s/ Antonio L. Jeffrey<br>Attorney for Plaintiff

JEFFREY & ERWIN, LLP
Antonio L. Jeffrey (#6308345)
105 W. Madison St., #901
Chicago, Illinois 60602
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffrey-erwin.com